UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA C. SAMUELIAN,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DISTRICT COURT, et al.,<br><br>Defendants. | No. 2:17-cv-0401-JAM-KJN PS<br><br><br><br>ORDER |

Plaintiff Sandra Samuelian, proceeding without counsel, commenced this action on February 23, 2017, and paid the filing fee. (ECF No. 1.)[1] Plaintiff names the United States District Court, the United States Government, the United States Bankruptcy Court, and the California Department of Justice as defendants. (Id.) The complaint is devoid of any specific factual allegations, but liberally construed, appears to seek some type of tax refund from the Internal Revenue Service ("IRS") and/or the California Franchise Tax Board. (Id.) The complaint and numerous subsequent "notices" and other filings in the case contain voluminous copies of tax records, personal checks, Social Security statements, and other financial documents. On May 10, 2017, plaintiff also filed a "motion for injunctive relief," but the motion does not

---

[1] Plaintiff has consented to proceed before a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c). (ECF No. 3.)

1

1 actually seek any type of injunctive relief; only monetary awards from various named defendants and non-defendants. (ECF No. 12.)

On February 24, 2017, the court issued an "Order Setting Status Conference." (ECF No. 2.) The order directed plaintiff to "complete service of process on defendants named in the complaint within 90 days from the date of this order. Plaintiff is cautioned that this action may be dismissed if service of process is not accomplished within 90 days from the date that the complaint is filed. See Fed. R. Civ. P. 4(m)." (Id. at 1.)

That same order set a status (pre-trial scheduling) conference for July 6, 2017, at 10:00 a.m., and stated that "[a]ll parties shall appear by counsel or in person if acting without counsel." (ECF No. 2 at 2.) The order also directed the parties to file a status report addressing specific topics no later than seven (7) days prior to the status conference. (Id. at 2-3.) The order specifically cautioned that "[f]ailing to obey federal or local rules, or [an] order of this court, may result in dismissal of this action. This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules." (Id. at 3.)

No status report was filed prior to the status conference, and no defendant has yet appeared in this case. Nevertheless, plaintiff personally appeared at the July 6, 2017 status conference. She acknowledged that she had not filed the required status report and had not yet served any of the named defendants, because she was unfamiliar with federal court procedures. The court is sympathetic to the difficulties faced by *pro se* litigants in representing themselves in federal court, and therefore declines to impose any sanctions at this juncture. That said, the court cannot provide plaintiff with legal advice, and although the court liberally construes the pleadings and filings of *pro se* litigants, they are required to comply with all procedural rules, including the Federal Rules of Civil Procedure and this court's Local Rules.[2]

In light of plaintiff's *pro se* status, the court provides plaintiff with one final opportunity to properly complete service of process on the named defendants, consistent with the Federal Rules of Civil Procedure, including but not limited to Federal Rule of Civil Procedure 4(c)(2)

---

[2] A copy of this court's Local Rules can be obtained from the Clerk's Office on the fourth floor or on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

2

[outlining who may serve process], (i) [outlining how to serve the United States and its agencies], and (j) [outlining how to serve a state or local government]. The court also continues the status (pretrial scheduling) conference, as outlined below.

Finally, the court denies plaintiff's motion for injunctive relief without prejudice. As noted above, plaintiff's motion actually seeks monetary relief and not injunctive relief. Moreover, based on the present record, the court cannot find that plaintiff has shown a likelihood of success on the merits, or at least the existence of serious questions going to the merits, sufficient to grant injunctive relief. See Pimentel v. Dreyfus, 670 F.3d 1096, 1111 (9th Cir. 2012).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall complete proper service of process, consistent with the Federal Rules of Civil Procedure, on all named defendants and file a proof of service with the court no later than August 3, 2017. Failure to timely and properly complete service of process may result in dismissal of the action.

2. A continued status (pretrial scheduling) conference is set for Thursday September 28, 2017, at 10:00 a.m., in Courtroom No. 25 before Judge Newman. A status report by all appearing parties, addressing the specific topics outlined in the court's February 24, 2017 order setting status conference (ECF No. 2 at pp. 2-3), shall be filed no later than September 21, 2017. Failure to timely file a status report and/or failure to appear at the status conference may result in dismissal of the action.

3. The Clerk of Court shall serve on plaintiff another courtesy copy of the court's February 24, 2017 order setting status conference (ECF No. 2) along with this order.

4. Plaintiff's motion for injunctive relief (ECF No. 12) is denied without prejudice.

IT IS SO ORDERED.

Dated: July 7, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE