UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA C. SAMUELIAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>U.S. DISTRICT COURT, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-0401-JAM-KJN PS<br><br><br>ORDER |

Plaintiff Sandra Samuelian, proceeding without counsel, commenced this action on February 23, 2017, and paid the filing fee. (ECF No. 1.)[1] Plaintiff named the United States District Court, the United States Government, the United States Bankruptcy Court, and the California Department of Justice as defendants. (Id.) The complaint is devoid of any specific factual allegations, but liberally construed, appears to seek some type of tax refund from the Internal Revenue Service ("IRS") and/or the California Franchise Tax Board. (Id.) The complaint and numerous subsequent "notices" and other filings in the case contain voluminous copies of tax records, personal checks, Social Security statements, and other financial documents.

////

---

[1] Plaintiff, the only appearing party, has consented to proceed before a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c). (ECF Nos. 3, 9.)

1

On February 24, 2017, the court issued an "Order Setting Status Conference." (ECF No. 2.) The order directed plaintiff to "complete service of process on defendants named in the complaint within 90 days from the date of this order. Plaintiff is cautioned that this action may be dismissed if service of process is not accomplished within 90 days from the date that the complaint is filed. See Fed. R. Civ. P. 4(m)." (Id. at 1.)

That same order set a status (pre-trial scheduling) conference for July 6, 2017, at 10:00 a.m., and stated that "[a]ll parties shall appear by counsel or in person if acting without counsel." (ECF No. 2 at 2.) The order also directed the parties to file a status report addressing specific topics no later than seven (7) days prior to the status conference. (Id. at 2-3.) The order specifically cautioned that "[f]ailing to obey federal or local rules, or [an] order of this court, may result in dismissal of this action. This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules." (Id. at 3.)

Although no status report was filed, and no defendant had appeared in the case, plaintiff appeared at the July 6, 2017 status conference. At the conference, plaintiff acknowledged that she had not filed the required status report and had not served any of the named defendants, because she was unfamiliar with federal court procedures. The court declined to impose any sanctions, noting that it was sympathetic to the difficulties faced by *pro se* litigants in representing themselves in federal court. Nevertheless, the court also explained that it could not provide plaintiff with legal advice, and although the court liberally construes the pleadings and filings of *pro se* litigants, they are required to comply with all procedural rules, including the Federal Rules of Civil Procedure and this court's Local Rules. (ECF No. 17.)

In light of plaintiff's *pro se* status, the court found it appropriate to *sua sponte* grant plaintiff one final opportunity to properly complete service of process on the named defendants in accordance with the Federal Rules of Civil Procedure, including but not limited to Federal Rule of Civil Procedure 4(c)(2) [outlining who may serve process], (i) [outlining how to serve the United States and its agencies], and (j) [outlining how to serve a state or local government]. (ECF No. 17.) Plaintiff was directed to serve the defendants and file a proof of service with the court no later than August 3, 2017. (Id.) Plaintiff was also expressly cautioned that failure to timely

and properly complete service of process may result in dismissal of the action. (Id.)

Although the August 3, 2017 deadline has now long passed, plaintiff failed to file a proof of service documenting proper service on the named defendants, and no defendant has appeared in the case. To be sure, plaintiff has filed numerous notices, as well as a first amended complaint and motion to proceed *in forma pauperis*, but none of those filings comply with the court's instructions and previous orders. Indeed, as is the case with plaintiff's prior filings, most of those documents are unintelligible or have questionable relevance to the case.

At this juncture, the court has little choice but to dismiss the action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court orders and failure to prosecute the action. A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two factors strongly weigh in favor of dismissal, because this case has already been significantly delayed by plaintiff's failure to properly serve the defendants. The third factor also slightly favors dismissal, because witnesses' memories fade and evidence becomes stale with the passage of time brought about by unnecessary delay.

Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal, because the court has already attempted less drastic alternatives. More specifically, the court, cognizant of plaintiff's *pro se* status, *sua sponte* provided plaintiff with an extension of time to complete service of process and even referred plaintiff to the appropriate rules of procedure to consult in determining how to effectuate service of process. The court cannot provide any further instruction without straying into the realm of improperly providing legal advice. Additionally, the court finds that the imposition of monetary sanctions would not be an effective lesser remedy

in this case. In light of the nature of plaintiff's filings, as well as her demeanor at the prior status conference, it does not appear that plaintiff is willfully or maliciously failing to comply with court orders. As such, the imposition of monetary sanctions would be merely punitive and would not advance the objective of moving the case towards a resolution on the merits.

Finally, as to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other <u>Ferdik</u> factors. As noted above, the court is not unsympathetic to the difficulties faced by plaintiff in attempting to bring this action in federal court. However, plaintiff's continued failure to properly complete service of process, despite an extension and appropriate instruction from the court, leaves the court with little confidence that this action can be resolved on the merits.

Accordingly, IT IS HEREBY ORDERED that:

1. The action is dismissed pursuant to Federal Rule of Civil Procedure 41(b).
2. The motion to proceed *in forma pauperis* (ECF No. 19) is denied as moot.
3. All dates and deadlines before the court are VACATED.
4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: September 25, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE